**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 10-CR-20614-GAYLES**

**UNITED STATES OF AMERICA**

**v.**

**JOSE NEDA,**

     **Defendant.**

                           /

## ORDER

**THIS CAUSE** comes before the Court on Defendant Jose Neda's *pro se* Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (the "Motion"). [ECF No. 160]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the following reasons, the Motion is **DENIED**.

### I.     BACKGROUND

Defendant is currently incarcerated at the Federal Correctional Institution, Allenwood Low, and has a projected release date of June 12, 2026. On August 29, 2016, Defendant was found guilty of conspiracy to import five kilograms or more of cocaine into the United States, in violation of 21 U.S.C. § 963, and conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. [ECF No. 147]. The Pre-Sentence Investigation Report (the "PSI") calculated Defendant's base offense level at 34. *Id.* at 9. The PSI applied a three-level aggravating role adjustment because Defendant was a manager or supervisor of a criminal activity that involved five or more participants, yielding a total offense level of 37. *Id.* Defendant had zero criminal history points. *Id.* at 10. Based upon Defendant's offense level and criminal history, the recommended guidelines range for sentencing was 210 to 262 months' imprisonment. *Id.* at 14.

On November 9, 2016, United States District Judge Marcia G. Cooke varied downward from the applicable guidelines range and sentenced Defendant to a 150-month term of imprisonment and a 5-year term of supervised release. [ECF No. 153].

In his Motion, Defendant asks the Court to modify or reduce his sentence of imprisonment. [ECF No. 160]. Defendant alleges that because he is a "zero point" offender, under 18 U.S.C. § 3582(c)(2) and Amendment 821 of the Sentencing Guidelines (U.S.S.G § 4C1.1(a)), he qualifies for a two-level reduction and a reduced sentence. [ECF No. 166].

## II.    LEGAL STANDARD

A court has limited authority to modify a sentence of imprisonment. *United States v. Burkes,* No. 9:18-CR-80113, 2020 WL 2308315, at *1 (S.D. Fla. May 8, 2020) (citing *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010)). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id*. § 3582(c)(2). Thus, the Court must first determine "if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements." *United States v. Castaneda Mendez*, No. 20-CR-20155-RAR, 2024 WL 216277 at *2 (S.D. Fla. Jan. 18, 2024). Second, "the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence." *Id*.

The Court denies Defendant's Motion because, under U.S.S.G § 4C1.1(a)(10), Defendant is ineligible for a "zero point" offender reduction and because a further reduction would be inconsistent with the applicable policy statements issued by the Sentencing Commission.

### III.     DISCUSSION

#### A.     "Zero point" offender requirements

Defendant argues that he qualifies as a zero-point offender under U.S.S.G § 4C1.1.[1] Section § 4C1.1 lists 11 criteria that individual must meet to be a zero-point offender. *Id*. § 4C1.1(a). Defendant argues that he fulfills the requirements because he has only violated one of the criteria, the aggravating role enhancement and he was not engaged in a continuing criminal enterprise. The Court disagrees.

Section 4C1.1(a) provides, in pertinent part, that a defendant is eligible for a two-level reduction to his offense level if "the defendant meets all of the following criteria" including that "(10) the defendant not receive an adjustment under Section 3B1.1 (Aggravating Role); and (11) the defendant was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848[.]" *See id*. § 4C1.1(a)(10). Here, Defendant fails to meet the requirements of Section 4C1.1(a) because he received an aggravating role enhancement under § 3B1.1. [ECF No. 147 at 9]. The plain language of § 4C1.1(a)(10) excludes any defendant who either received an aggravating role enhancement or was engaged in a continuing criminal enterprise. *See United States v. Garcon*, 54 F.4th 1274, 1280 (11th Cir. 2022) (stating that where the word "and" conjoins several negative phrases, each negative phrase is a separate requirement); *see also Castaneda Mendez*, No. 20-CR-20155-RAR, 2024 WL 216277 at *3 ("In sum, the plain language and context of § 4C1.1(a)(10) is properly read to exclude any defendant who either had an aggravating role enhancement or engaged in a continuing criminal enterprise."); *United States v. Alvarez*, No. 14-CR-80110, 2024 WL 4057422 at *2–3 (S.D. Fla. Sept. 5, 2024) ("a defendant charged with an aggravating role is ineligible for a sentence reduction under § 4C1.1(a)(10).").

---

[1] U.S.S.G § 4C1.1. establishes the criteria for zero-point offenders,

Here, Defendant "controlled the loading of the cocaine onto commercial cargo carriers" and "led and organized security officers and personnel at the airport to load and/or permit the loading of cocaine onboard commercial cargo carriers that were destined for the United States." [ECF No. 147 at 8]. Accordingly, the PSI recommended a three-level aggravating role enhancement because he was a manager or supervisor of a criminal activity that involved five or more participants, and the Court adopted the PSI without change. [ECF No. 147 at 9; ECF No. 163-1]. Thus, given that Defendant received an aggravating role enhancement under § 3B1.1, he is ineligible for a reduction of sentence under U.S.S.G. § 4C1.1.

## B.      Applicable policy statements

The Sentencing Commission policy statement provides that the Court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A). Here, Defendant had an offense level of 37 and a criminal history category of 1, warranting a guideline range of 210 to 262 months' imprisonment. [ECF No. 147 at 14]. Defendant, however, was sentenced to a 150-month term of imprisonment. [ECF No. 153]. Thus, Defendant's term of imprisonment is already less than the applicable guideline range if he received a two-level zero-point offender reduction.

## IV.     CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [ECF No. 160] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 21st day of April 2026.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

4