UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-CR-20614-GAYLES

UNITED STATES OF AMERICA

v.

JOSE NEDA,

    Defendant.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant Jose Neda's *pro se* Motion for Reduction of Sentence Pursuant to 3582(c)(1)(A) & (c)(2) (Amendment 821) [ECF No. 161] (the "Motion"). In his Motion, the Defendant seeks compassionate release and the appointment of counsel. The Court has reviewed the Motion and the record and is otherwise fully advised. For the following reasons, the Motion is **DENIED**.

### I.    BACKGROUND

Defendant Jose Neda ("Defendant") is currently incarcerated at the Federal Correctional Institution, Allenwood Low and has a projected release date of June 12, 2026. On August 29, 2016, Defendant was found guilty of conspiracy to import five kilograms or more of cocaine into the United States, in violation of 21 U.S.C. § 963; and conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. [ECF No. 147]. On November 9, 2016, United States District Judge Marcia G. Cooke sentenced Defendant to a 150-month term of imprisonment and a 5-year term of supervised release. [ECF No. 153].

In the Motion, Defendant asks the Court to grant him compassionate relief and modify his sentence of imprisonment to home confinement for the remainder of his sentence. [ECF No. 161].

Defendant alleges that FCI Fort Dix's ground and drinking water are contaminated with Polyfluoroalkyl substances and have given him health issues. *Id.* at 8. Defendant argues that the resulting health issues constitute extraordinary and compelling circumstances warranting compassionate release. *Id.*[1] Defendant's alleged health issues are "skin irritations" and "several other health issues." *Id.* at 9. Defendant also argues that his sentence would be less under the current guidelines.

Defendant allegedly filed a request for compassionate release with the Warden of FCI Fort Dix. *Id.* at 2–3. Defendant alleges that more than thirty days have passed since Defendant made his request, and the Warden has not officially rendered a decision. *Id.* at 3.

## II.      LEGAL STANDARD

A court has limited authority to modify a sentence of imprisonment. *United States v. Burkes,* No. 9:18-CR-80113, 2020 WL 2308315, at *1 (S.D. Fla. May 8, 2020) (citing *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010)). Under 18 U.S.C. § 3582, as modified by the First Step Act of 2018, courts may reduce a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative right to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A) (2018); *see generally* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. If the defendant satisfies those administrative requirements and the factors outlined in 18 U.S.C. § 3553(a) support release, courts must then find that "extraordinary and compelling reasons warrant such a reduction . . . consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* 18 U.S.C. § 3553(a) (2018).

---

[1] Defendant is now incarcerated in Federal Correctional Institution, Allenwood Low. Defendant has not claimed any water contamination at FCI Allenwood Low.

Courts must also find that the defendant is "not a danger to the safety of any other person or to the community . . . ." U.S. Sentencing Guidelines Manual § 1B1.13(2) (U.S. Sentencing Comm'n 2018).

Thus, in order to grant the Motion, the Court must make specific findings that: (1) Defendant exhausted his administrative remedies; (2) the § 3553(a) sentencing factors support Defendant's release; (3) extraordinary and compelling reasons warrant Defendant's request; and (4) the Defendant is not a danger to the safety of other persons or the community. The burden lies with the Defendant to establish that his request is warranted. *See United States v. Hylander*, No. 18-CR-60017, 2020 WL 1915950, at *2 (S.D. Fla. Apr. 20, 2020) (citing *United States v. Hamilton*, 715 F. 3d 328, 337 (11th Cir. 2013)).

## III.    DISCUSSION

The Court denies Defendant's Motion on the merits because (1) the § 3553 sentencing factors do not support a modification to his sentence, (2) Defendant fails to demonstrate extraordinary and compelling reasons warranting a sentence reduction, and (3) Defendant is a danger to the safety of other persons and to the community.

### A.    Exhaustion of Administrative Remedies

Defendant alleges that, based on his request to the Warden, he has exhausted his administrative remedies as required by the First Step Act. [ECF No. 161 at 2–3]; *See* 18 U.S.C. § 3582(c)(1)(A). The Court assumes that Defendant has satisfied the exhaustion requirement.

### B.    Section 3553(a) Factors

Section 3553(a) requires a court to "impose a sentence sufficient, but not greater than necessary," when considering a sentence of imprisonment. 18 U.S.C. § 3553(a). The Court must consider: (1) "the nature and circumstances of the offense and the history and characteristics of the

defendant;" (2) "the need for the sentence imposed" to "reflect the seriousness of the offense," "afford adequate deterrence," and "protect the public;" (3) "the kinds of sentences available;" (4) "the sentencing range;" (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities;" and (7) "the need to provide restitution to any victim . . . ." *Id.*

Judge Cooke considered the § 3553(a) factors at the time of sentencing and concluded that a term of 150-months' imprisonment and 5-years' supervised release was appropriate. Defendant has not provided a new and convincing basis—aside from his alleged health issues—to support a modification to his sentence. *See United States v. Bueno-Sierra*, 847 F. App'x 749, 752 (11th Cir. 2021) (holding that defendant's medical condition—the only factor not considered by the court at the time of sentencing—did not warrant a sentence modification under § 3553(a)); *see also United States v. Post*, No. 9:15-CR-80055, 2020 WL 2062185, at *2 (S.D. Fla. Apr. 29, 2020) (holding that a sentence reduction was not warranted under § 3553(a) where "much of the information that [defendant] provide[d] in his Motion was before the court at the time of his sentencing," and the imposed sentence was appropriate). As a result, the Court finds that the factors outlined in 18 U.S.C § 3553(a) do not support a modification of Defendant's sentence.

## C.      Extraordinary and Compelling Reasons

Though undefined in § 3582(c)(1)(A)(i), extraordinary and compelling reasons under the Sentencing Guidelines include:

**(1) Medical Circumstances of the Defendant.**

(B) The defendant is--

(i) suffering from a serious physical or medical condition,

(ii) suffering from a serious functional or cognitive impairment, or

(iii) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S. Sentencing Guidelines Manual § 1B1.13 cmt. N.1(b)(1)(B).

The Court finds that Defendant's health issues do not qualify as extraordinary and compelling reasons for a sentence reduction. Defendant submits no evidence that his medical condition would "substantially diminish[] [his] ability . . . to provide self-care within the environment of a correctional facility." *See Id.* Here, Defendant does not specify a medical condition other than various skin irritations. [ECF No. 161]. Skin irritations do not substantially diminish Defendant's ability to provide self-care, and courts have found far more serious conditions to be insufficient to meet this threshold. *See United States v. Cantone*, No. 18-CR-60329-RKA, 2021 WL 494343 (S.D. Fla. Feb. 10, 2021) (citing *Cannon v. United States*, 2019 WL 5580233, at * 3 (S.D. Ala. Oct. 29, 2019) (denying compassionate release to a 71-year-old prisoner suffering from back and stomach issues, high blood pressure, diabetes, skin irritation, and loss of hearing because the prisoner could not show that his conditions prevented him from providing self-care within the facility)). Moreover, Defendant does not provide any evidence that the skin irritations are due to the alleged contaminated water. Accordingly, the Court finds no extraordinary and compelling reasons justifying a sentence reduction.

## IV.    CONCLUSION

Therefore, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Reduction of Sentence and appointment of counsel, [ECF No. 161], is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 22nd day of April, 2026.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

5